UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD A. VILLAVICENCIO PEREZ,** | Civil Action No. 16-562 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **JOHN TSOUKARIS, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Richard A. Villavicencio Perez, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Government filed a response to the petition (ECF No. 5), to which Petitioner has responded (ECF No. 6). For the following reasons, this Court will grant the petition and will remand this matter to an immigration judge for a bond hearing.

**I. BACKGROUND**

Petitioner is a native and citizen of Ecuador who entered this country and apparently became a lawful permanent resident in March 2007. (ECF No. 1 at 2). On July 18, 2014, Petitioner was convicted of conspiracy to commit theft in violation of N.J. Stat. Ann. § 2C:5-2A and 2C:20-3A. (*Id.*). Following his conviction, Petitioner was sentenced to 662 days' imprisonment and one year of probation. (*Id.*). Following his release from imprisonment, Petitioner was taken into custody by immigration officials on March 25, 2015, and entered removal proceedings. (ECF No. 5 at 2). Petitioner has remained detained since that time. (*Id.*).

1

On September 10, 2015, Petitioner was ordered removed by an immigration judge. (*Id.*). Petitioner appealed, and the BIA affirmed the removal order on December 14, 2015. (*Id.*). Although Petitioner did not initially file a timely appeal with the Third Circuit, he ultimately did file an appeal with the Court of Appeals on or about March 18, 2016. (Third Circuit Docket No. 16-1601, Motion dated March 18, 2016). Petitioner also filed with the Court of Appeals a motion for stay of removal, which was temporarily granted pursuant to the Third Circuit's standing order on April 8, 2016. (Third Circuit Docket No. 16-1601, Document No. 3112258363). Petitioner's formal motion for a stay of removal, although temporarily granted, remains pending before a motions panel of the Third Circuit, as does his appeal. (Third Circuit Docket No. 16-1601, ECF Docket Sheet).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In order to determine whether Petitioner is entitled to relief, this Court must first address the statutory basis for Petitioner's current detention. Petitioner's detention arises out of either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231(a). While § 1226(c) controls the detention of certain criminal aliens during the pendency of removal proceedings, § 1231(a) controls the detention of removable aliens "during" and "beyond" "the [statutory] removal period." *See Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 269-70 (3d Cir. 2012). Thus, if Petitioner's detention currently falls within or beyond the statutory removal period, his detention must be controlled by § 1231(a). Pursuant to the statute, the removal period in a given alien's case begins on the latest of the following dates: the date that the alien's order of removal becomes administratively final; "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or if the alien is detained on a basis other than his removal, the date on which he is released from that other detention. 8 U.S.C. § 1231(a)(1)(B). The Third Circuit in *Leslie* thus explained that "during a stay of removal" entered by a Court of Appeals "§ 1226, [and] not § 1231 governs detention." *Leslie*, 678 F.3d at 270. It "is only through the grant of a stay or the overturning of a final order of removal that an alien's status reverts to pre-removal detention, the filing of an appeal or an application for a stay is insufficient to alter [an] alien's status. *See Leslie*, 678 F.3d at 268-70; *Llorente*[ *v. Holder*, No. 11-6940,] 2012 WL 119147[, at *5-6 (D.N.J. Apr. 10, 2012)]." *Granados v. Green*, No. 15-8577, 2015 WL 9216595, at *2 (D.N.J. Dec. 16, 2015).

In this matter, the BIA affirmed Petitioner's order of removal in December 2015. Petitioner thus entered the removal period on that date as his removal order had become administratively final. While this would normally be dispositive of the custody basis inquiry, Petitioner in this case

3

filed a late appeal with the Third Circuit which was accompanied by a motion for a stay of removal. Because Petitioner's motion for a stay of removal was temporarily granted pursuant to the Third Circuit's standing order, Petitioner has received a stay of removal. As such, Petitioner's detention has reverted to pre-final order status, and Petitioner is currently being detained pursuant to § 1226(c) rather than § 1231(a). *See Leslie*, 678 F.3d at 270; *see also* 8 U.S.C. § 1231(a)(1)(B). Only when the Third Circuit either vacates the temporarily granted stay or enters a final decision on Petitioner's appeal will Petitioner return to final order status and be subject to custody under § 1231(a).[1]

Because Petitioner is currently detained pursuant to § 1226(c), the propriety of his continued detention without a bond hearing is controlled by the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

---

[1] This Court notes that while the Government in its response contended that Petitioner was detained pursuant to § 1231(a), the Government had not yet been made aware of Petitioner's filing of a late appeal with the Third Circuit, which was filed contemporaneously with the Government's response. Likewise, Petitioner's stay motion was not temporarily granted until well *after* the Government filed its response. As such, the Government was correct that Petitioner was subject to detention under § 1231(a) at the time the response was filed, and Petitioner's status and the statutory basis for his detention did not change until the Third Circuit temporarily granted Petitioner a stay in April 2016. *See Leslie*, 678 F.3d at 268-70; *Llorente*, 2012 WL 119147 at *5-6.

While the Court of Appeals in *Diop* did not adopt a bright line rule as to the maximum amount of time which may pass before a petitioner's detention becomes unreasonable, *see* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit provided more guidance on that issue in *Chavez-Alvarez*. In *Chavez-Alvarez*, the Court of Appeals held that, at least in those cases where no evidence of bad faith has been presented, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478. Thus, absent evidence of bad faith, a given alien's detention will generally become unreasonable sometime after six months have passed and certainly by the time the alien has been detained for over a year.

In this matter, Petitioner has been detained since March 2015. Because he has been temporarily granted a stay of removal by the Third Circuit, he is currently not subject to a final order of removal. *Leslie*, 678 F.3d at 270. Because no evidence of Petitioner's bad faith has been presented, it therefore appears that Petitioner's case is not meaningfully distinguishable from that presented in *Chavez-Alvarez*. Because Petitioner is currently detained pursuant to § 1226(c) based on the temporary grant of his stay of removal, because Petitioner has been detained for well over a year, and because Petitioner's case is not meaningfully distinguishable from *Chavez-Alvarez*, this Court will grant the petition and remand this matter to an immigration judge for a bond hearing.

## III. CONCLUSION

For the reasons stated above, this Court will grant Petitioner's petition for a writ of habeas corpus (ECF No. 1) and will remand this matter to an immigration judge for a bond hearing. An appropriate order follows.


Dated: June 1, 2016                                    *s/ Susan D. Wigenton*
                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge